**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE GARCIA,

      Plaintiff,

v.                                                                          No. CV 14-0603 WJ/SCY

REBECCA L. REESE,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under rule 12(b)(1), (6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.   Plaintiff is incarcerated and appears pro se. For reasons set out below, Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

"[A] court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.' "   *1mage Software, Inc. v. Reynolds and Reynolds*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).   The Court also has the discretion to dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).    A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Reese is a public defender who represented Plaintiff in a state criminal proceeding.   Plaintiff asserts that Defendant provided ineffective assistance by failing "to establish [Plaintiff's] innocence," denying him the right to testify, and making inculpating statements in court.   Plaintiff contends that Defendant's actions violated his constitutional right to assistance of counsel.   The complaint seeks "Monetary Compensation."

No relief is available in this § 1983 action on Plaintiff's claims against Defendant Reese. The complaint fails to allege one of the two statutory elements of a claim under § 1983.   A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law."   *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Here, case law clearly holds that a public defender undertaking a defense does not act under color of state law for purposes of § 1983.   *See Polk County v. Dodson*, 454 U.S. 312, 316 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995).   Because Defendant Reese did not act under color of state law while representing Plaintiff in the state criminal proceeding, the Court will dismiss Plaintiff's § 1983 claims against her.

Dismissal of Plaintiff's claims for failure to allege that Defendant acted under color of state law presents the Court with certain inconsistencies in applicable Supreme Court and Tenth Circuit case law.   The issue is whether to dismiss these § 1983 claims without prejudice for lack of subject matter jurisdiction or, alternatively, with prejudice for failure to state a claim for relief. *Compare Lay v. Otto*, 530 F. App'x 800, 802-03 (10th Cir. 2013) ("[Plaintiff] has not alleged facts showing that Defendants acted under color of state law.   This element is 'a jurisdictional requisite for a § 1983 action.' . . .   Accordingly, we must remand the case with directions to the district

2

court to dismiss [plaintiff]'s lawsuit 'without prejudice' for lack of subject-matter jurisdiction.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)), *with Mehdipour v. Matthews*, 386 F. App'x 775, 777 n. 3 (10th Cir. 2010) ("If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).") (citing, *inter alia*, *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")).

Under these two discrepant rules, the Court will dismiss Plaintiff's claims without prejudice under rule 12(b)(1) for lack of subject matter jurisdiction. *See Lay v. Otto*, 530 F. App'x at 803; *see also 1mage Software, Inc. v. Reynolds and Reynolds*, 459 F.3d at 1048 ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists.' "). Alternatively, because the complaint clearly asserts jurisdiction under 28 U.S.C. § 1331, *see Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) ("The district court had jurisdiction under 28 U.S.C. § 1331 [of prisoner's § 1983 complaint]."), the Court would likely, if it had jurisdiction, dismiss Plaintiff's claims with prejudice under rule 12(b)(6) for failure to state a claim for relief against Defendant, *see Mehdipour v. Matthews*, 386 F. App'x at 777 n. 3; *see also Curley v. Perry*, 246 F.3d at 1281, 1284-85 (affirming *sua sponte* dismissal with prejudice under rule 12(b)(6) "of a meritless complaint that cannot be salvaged by amendment").

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter jurisdiction, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE